**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *Plaintiff-Appellee*, <br><br> v. <br><br> QUALCOMM INCORPORATED, a Delaware corporation, *Defendant-Appellant*, <br><br> SAMSUNG ELECTRONICS COMPANY, LTD.; SAMSUNG SEMICONDUCTOR INC.; INTEL CORPORATION; ERICSSON, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; MEDIATEK INC.; NOKIA TECHNOLOGIES OY, *Intervenors.* | No. 19-16122 <br><br> D.C. No. 5:17-cv-00220-LHK <br><br><br> ORDER |

Filed August 23, 2019

Before: A. WALLACE TASHIMA, MILAN D. SMITH, JR., and MARK J. BENNETT, Circuit Judges.

Per Curiam Order

## SUMMARY[*]

### Stay

The panel granted a motion for a partial stay pending appeal of the district court's permanent injunction, which it entered following a trial on antitrust claims brought by the Federal Trade Commission ("FTC") against Qualcomm Incorporated.

The FTC alleged that Qualcomm, a leader in cellular standard technology, violated Sections 1 and 2 of the Sherman Act and Section 5 of the FTC Act in connection with the licensing of its standard essential patents ("SEP") and sale of its code division multiple access and premium long-term evolution modem chips.

The district court determined that Qualcomm's practices violated antitrust laws, and entered a multipart permanent injunction.

To determine whether to issue a stay pending appeal, the panel considered the factors outlined in *Nken v. Holder*, 556 U.S. 418, 426 (2009). First, the panel held that Qualcomm had shown, at a minimum, the presence of serious questions on the merits of the district court's determination that Qualcomm had an antitrust duty to license its SEPs to rival chip suppliers. Qualcomm likewise made the requisite showing that its practice of charging original equipment manufacturers royalties for its patents on a per-handset basis

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

did not violate antitrust laws. Second, the panel concluded that Qualcomm had demonstrated a probability of irreparable harm. Finally, the panel held that the balance of equities weighed in favor of a stay. The panel concluded that the requested stay was warranted.

The panel stayed the portions of the district court's injunction requiring that Qualcomm must make exhaustive SEP licenses available to modern-chip suppliers, must not condition the supply of modern chips on a customer's patent license status, and must negotiate or renegotiate license terms with its customers in that respect.

## COUNSEL

Gary A. Bornstein and Yonatan Even, Cravath Swaine & Moore LLP, New York, New York; Robert A. Van Nest, Eugene M. Paige, Cody S. Harris, and Justina Sessions, Keker Van Nest & Peters LLP, San Francisco, California; Thomas C. Goldstein, Kevin K. Russell, and Eric F. Citron, Goldstein & Russell P.C., Bethesda, Maryland; Willard K. Tom, Morgan Lewis & Bockius LLP, Washington, D.C.; Geoffrey T. Holtz, Morgan Lewis & Bockius LLP, San Francisco, California; Richard S. Taffet, Morgan Lewis & Bockius LLP, New York, New York; for Defendant-Appellant.

Heather Hippsley, Deputy General Counsel; Michele Arington, Assistant General Counsel; D. Bruce Hoffman, Director Bureau of Competition; Jennifer Milici, Deputy Chief Trial Counsel; Joseph R. Baker and Rajesh S. James, Attorneys; Federal Trade Commission, Washington, D.C.; for Plaintiff-Appellee.

4 FTC V. QUALCOMM

Michael F. Murray, Deputy Assistant Attorney General; William J. Rinner, Chief of Staff and Senior Counsel; Daniel E. Haar, Acting Chief, Competition Policy and Advocacy Section; Jennifer Dixton, Patrick M. Kuhlmann, and Jeffrey D. Negrette, Attorneys; United States Department of Justice, Washington, D.C.; for Amicus Curiae United States.

Matthew J. Dowd, Dowd Scheffel PLLC, Washington, D.C., for Amicus Curiae Hon. Paul R. Michel (Ret.)

Jonathan S. Massey, Matthew M. Collette, and Kathryn Robinette, Massey & Gail LLP, Washington, D.C., for Amicus Curiae Ericsson, Inc.

Amanda Tessar, Perkins Coie LLP, Denver, Colorado; Sarah E. Fowler, Perkins Coie LLP, Palo Alto, California; for Amicus Curiae Act | The App Association.

Steven C. Holtzman and Gabriel R. Schlabach, Boies Schiller Flexner LLP, San Francisco, California, for Amicus Curiae Mediatek Inc.

**ORDER**

PER CURIAM:

Appellant Qualcomm Incorporated ("Qualcomm") moves for a partial stay pending appeal of the district court's May 21, 2019 permanent injunction, which it entered following a trial on antitrust claims brought by the Federal Trade Commission ("FTC"). We grant Qualcomm's motion.

FTC V. QUALCOMM                    5

The FTC alleged that Qualcomm, a leader in cellular standard technology, violated Sections 1 and 2 of the Sherman Act and Section 5 of the FTC Act in connection with the licensing of its standard essential patents ("SEPs") and sale of its code division multiple access ("CDMA") and premium long-term evolution ("LTE") modem chips. Specifically, Qualcomm refused to license SEPs to rival chip suppliers, allegedly in contravention of commitments Qualcomm made to certain standard setting organizations in the industry; refused to sell modem chips to any original equipment manufacturers ("OEMs") that lacked patent licensing agreements with Qualcomm; and imposed in its OEM licensing agreements excessive royalty rates on a per-handset basis, irrespective of whether the handset contained a Qualcomm chip or a chip from one of Qualcomm's competitors. The complaint alleged that the upshot of this conduct was to maintain Qualcomm's monopoly in the CDMA and premium LTE chip markets and impose an anticompetitive surcharge on its competitors' chips.

After a ten-day trial, the district court issued extensive findings of fact and determined that Qualcomm's practices violate the antitrust laws. The district court concluded that Qualcomm (1) has an antitrust duty to license its SEPs to rival chip suppliers, and (2) engaged in anticompetitive conduct by using its royalty rates to effectively impose a surcharge on its competitors' chips. The district court entered a multipart permanent injunction.

Qualcomm seeks a stay of the injunction's provisions requiring that Qualcomm make exhaustive SEP licenses available to its competitors, prohibiting Qualcomm from conditioning chip sales on the purchase of patent licenses, and requiring Qualcomm to negotiate or renegotiate its license agreements in that respect.

6                    FTC V. QUALCOMM

To determine whether to issue a stay pending appeal, we consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). An applicant for a stay "need not demonstrate that it is more likely than not they will win on the merits," but rather must show "a reasonable probability" or "fair prospect" of success. *Leiva-Perez v. Holder*, 640 F.3d 962, 966–67 (9th Cir. 2011) (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010)). Applying those factors here, we grant Qualcomm's motion for a partial stay of the injunction pending appeal.

It is well-settled that, "as a general matter, the Sherman Act 'does not restrict the . . . right of [a] trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal.'" *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP* ("*Trinko*"), 540 U.S. 398, 408 (2004) (second alteration in original) (quoting *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919)). The Supreme Court recognized a very limited exception to that general rule when a monopolist terminated a voluntary and profitable course of dealing with a competitor and sacrificed short-term benefits to exclude competition in the long run. *See generally Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985). That exception, however, is "at or near the outer boundary of [Sherman Act] liability." *Trinko*, 540 U.S. at 409. And, here, even the two government agencies charged with the enforcement of antitrust laws—the FTC and the Antitrust Division of the

Department of Justice ("DOJ"), *see FTC v. AT&T Mobility LLC*, 883 F.3d 848, 862 (9th Cir. 2018) (en banc)—disagree as to whether Qualcomm's conduct implicates the duty to deal. Indeed, while the FTC prosecuted this antitrust enforcement action, the DOJ filed a statement of interest expressing its stark disagreement that Qualcomm has any antitrust duty to deal with rival chip suppliers.

We are satisfied that Qualcomm has shown, at minimum, the presence of serious questions on the merits of the district court's determination that Qualcomm has an antitrust duty to license its SEPs to rival chip suppliers. *See Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). Qualcomm likewise has made the requisite showing that its practice of charging OEMs royalties for its patents on a per-handset basis does not violate the antitrust laws.[1] *See Doe v. Abbott Labs.*, 571 F.3d 930, 931 (9th Cir. 2009) (holding that "allegations of monopoly leveraging through pricing conduct in two markets" do not "state a claim under § 2 of the Sherman Act absent an antitrust refusal to deal (or some other exclusionary practice) in the monopoly market or below-cost pricing in the second market" (citation omitted)).

Turning to the second *Nken* factor, we conclude that Qualcomm has demonstrated a probability of irreparable harm. The injunction requires Qualcomm to enter new contractual relationships and renegotiate existing ones on a large scale. The fundamental business changes that the

---

[1] Breaking from her standard practice, then-FTC Commissioner Maureen K. Ohlhausen issued a written dissenting statement to express her disagreement with the theory urged in the complaint and adopted by the district court that Qualcomm's royalty rates operate as an exclusionary tax or surcharge on competitor products. *See* Dissenting Statement of Commissioner Maureen K. Ohlhausen *In the Matter of Qualcomm, Inc.*, No. 141-0199, January 17, 2017.

8                          FTC v. QUALCOMM

injunction imposes cannot be easily undone should Qualcomm prevail on appeal. *See NCAA v. Bd. of Regents of Univ. of Okla.*, 463 U.S. 1311, 1313–14 (1983) (White, Circuit Justice) (equities favored stay where, absent a stay, appellant's contracts to broadcast collegiate football games would be void and could not be enforced, putting at risk business for entire season); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057–59 (9th Cir. 2009) (irreparable harm likely where order subjected plaintiff to immediate "Hobson's choice" of either (1) signing agreements that would cause it to "incur large costs" and "disrupt and change the whole nature of its business" or (2) refusing to sign agreements, causing "a loss of customer goodwill" and potentially entire loss of business).

Finally, the balance of equites also weighs in favor of a stay. *See Lair*, 697 F.3d at 1215. Although the hardship to the party opposing the stay and the public interest usually merge when the government is the opposing party, *see Nken*, 556 U.S. at 435, this case is unique, as the government itself is divided about the propriety of the judgment and its impact on the public interest. Indeed, the Department of Defense and Department of Energy aver that the injunction threatens national security, and the DOJ posits that the injunction has the effect of *harming* rather than *benefiting* consumers.

Whether the district court's order and injunction represent a trailblazing application of the antitrust laws, or instead an improper excursion beyond the outer limits of the Sherman Act, is a matter for another day. For now, weighing all relevant factors, we conclude that the requested stay is warranted. Therefore, pending the resolution of this appeal or until further order of this court, we stay the portions of the district court's injunction requiring that (1) "Qualcomm must make exhaustive SEP licenses available to modem-

FTC V. QUALCOMM 9

chip suppliers," and (2) "Qualcomm must not condition the supply of modem chips on a customer's patent license status" and "must negotiate or renegotiate license terms" with its customers in that respect. This stay has the effect of maintaining the status quo ante during this expedited appeal. *See id.* at 429 ("A stay 'simply suspend[s] judicial alteration of the status quo[.]'" (first alteration in original) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1213, 1313 (1986) (Scalia, Circuit Justice))).

The current briefing schedule shall remain in effect, and the clerk shall place this appeal on the calendar for January 2020. *See* 9th Cir. Gen. Order 3.3(f).

So ordered.